LNE 2.8.26
AR USAO: 2025R00690

```
   FILED        ENTERED
   LOGGED       RECEIVED

   FEB 1 1 2026
   AT BALTIMORE
   CLERK, U.S DISTRICT COURT
   DISTRICT OF MARYLAND
BY                    DEPUTY
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. RDB-26-059 |
| DERRICK ANDRE ALLEN, JR., | * (Possession of Firearms and Ammunition by a Prohibited Person, 18 U.S.C. § 922(g)(9); Possession with Intent to Distribute Controlled Substances, 21 U.S.C. § 841(a)(1); Forfeiture, 18 U.S.C. § 924(d), 21 U.S.C. § 853, 28 U.S.C. § 2461(c)) |
| Defendant. | |

******

## INDICTMENT

### COUNT ONE
**(Possession of Firearms and Ammunition by a Prohibited Person)**

The Grand Jury for the District of Maryland charges that:

On or about November 26, 2025, in the District of Maryland, the Defendant,

**DERRICK ANDRE ALLEN, JR.,**

knowing he had previously been convicted of a misdemeanor crime of domestic violence, knowingly possessed firearms and ammunition, to wit: (1) a Smith & Wesson, model 915, 9mm pistol bearing serial number TZS0474; (2) a New England Firearms, model R92, .22 caliber revolver bearing serial number NB029526; (3) a Ruger, model Charger, 22 caliber pistol bearing serial number 49032270; (4) a Polymer80, model PF940SC, 9mm pistol bearing no serial number; and approximately one hundred fifty (150) rounds of 9mm ammunition; approximately one thousand nine hundred seventy seven (1,977) rounds of .22 ammunition; and approximately nineteen (19) rounds of .380 ammunition, and the firearms and ammunition were in and affecting commerce.

18 U.S.C. § 922(g) (9)

## COUNT TWO
### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about November 26, 2025, in the District of Maryland, the Defendant,

**DERRICK ANDRE ALLEN, JR.,**

did knowingly and intentionally possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of Amphetamine, a Schedule II controlled substance, and a quantity of a mixture or substance containing a detectable amount of Oxycodone, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Counts One or Two of this Indictment.

### Narcotics Forfeiture

2. Upon conviction of the offense alleged in Count Two of this Indictment, the Defendant,

**DERRICK ANDRE ALLEN, JR,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and

   b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

### Firearms and Ammunition Forfeiture

3. Upon conviction of the offense alleged in Count One of this Indictment, the Defendant,

**DERRICK ANDRE ALLEN, JR,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense.

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to:

   a. a Smith & Wesson, model 915, 9mm pistol bearing serial number TZS0474;

   b. a New England Firearms, model R92, .22 caliber revolver bearing serial number NB029526;

    c. a Ruger, model Charger, 22 caliber pistol bearing serial number 49032270;

    d. a Polymer80, model PF940SC, 9mm pistol bearing no serial number;

    e. approximately one hundred fifty (150) rounds of 9mm ammunition;

    f. approximately one thousand nine hundred seventy seven (1,977) rounds of .22 ammunition; and

    g. approximately nineteen (19) rounds of .380 ammunition

## Substitute Assets

5. If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

*Kelly O. Hayes /AR*
Kelly O. Hayes
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED
Foreperson

2-11-2026
Date